UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY M. COHEN,

                        **Plaintiff,**

      v.                                                    5:19-CV-274
                                                                  (TJM/TWD)

**SWITCH FUND INVESTMENT CLUB, LP,**
**GOLDEN EAGLE INVESTMENT CLUB, LP,**
**ROGER L. ALTMAN, and ROSA ALTMAN,**

                        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

      Defendants Roger and Rosa Altman filed a motion to dismiss this action. See dkt. # 9. They argue that the case lacks full diversity between the parties and the Court therefore lacks jurisdiction to hear the case. The Plaintiff has responded and the Court has determined to decide the matter without oral argument.

**I.     BACKGROUND**

      This case concerns investments that Plaintiff Jeffrey M. Cohen allegedly made with partnerships controlled by the individual Defendants. Plaintiff contends that Defendants mishandled these funds and raises breach-of-contract, bad-faith, embezzlement, fraud, and breach-of-fiduciary-duty claims against all Defendants. See Complaint, dkt. # 1. He seeks actual and punitive damages.

1

Plaintiff filed his Complaint in this action on February 28, 2019. In relevant part, the Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1322(a)(1). Id. at ¶ 1. Plaintiff alleges that he "is a natural person and a domiciliary of the State of California, residing in Sand Diego County." Id. at ¶ 3. The Complaint alleges that Defendant Switch Fund Investment Club, LP, "is a limited partnership organized under the laws of New Jersey[.]" Id. at ¶ 5. At all material times to the Complaint, Plaintiff further contends, Switch Fund "conducted business in the Northern District of New York[.]" Id. at ¶ 5. Plaintiff also alleges that Defendant Golden Eagle Fund Investment Club, LP, is a New Jersey limited partnership that conducted business in the Northern District of New York. Id. at ¶ 6. The Complaint also alleges that "Plaintiff Jeffrey M. Cohen is a limited partner and an investor in defendants Switch Fund Investment Club LP and Golden Eagle Investment Club LP." Id. at ¶ 4. The Complaint further contends that Defendants Roger L. Altman and Rosa L. Altman operated both Switch Fund and Golden Eagle Fund. Id. at ¶¶ 7-12. According to the Complaint, both Roger L. Altman and Rosa L. Altman, "at a date unknown to the plaintiff but believed to be in the fourth quarter of 2018, relocated to" an address in Williamsburg, Virginia. Id. at ¶ 13.

## II.   LEGAL STANDARD

Defendants here contend that Plaintiff has not plead diversity properly and seeks dismissal. They proceed pursuant to Federal Rule of Civil Procedure 12(b)(1). "In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001). "A district court properly dismisses an action under Red. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court

'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telcomms., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The Court evaluates a complaint challenged for lack of subject matter jurisdiction using the same standard as one challenged for failure to state a claim upon which relief can be granted under Rule 12(b)(6): "'[t]o survive a motion to dismiss . . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Absolute Activist Value Master Fund Ltd. v. Ficento, 677 F.3d 60, 65 (2d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1938, 1973 (2009)).

### III. DISCUSSION

The question here is whether Plaintiff has properly invoked the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a). That statute "confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" Scherer v. Equitable Life Assur. Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003) (quoting 28 U.S.C. § 1332(a)). At issue here is the citizenship of the parties. "It is a long-settled rule that in order to invoke diversity jurisdiction, the [plaintiff] must show 'complete diversity'–that is, that it does not share citizenship with any defendant." Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 445 (2d cir. 1995). Moreover, "it is well established that 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" Herrick Co. v. SCS Communs., Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157,

3

160 (2d Cir. 1998)). "It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004)(quoting Mollan v. Torrance, 22 U.S. 537 (1824)).

As far as the individual Defendant's motion with reference to diversity, the Court will deny that motion.[1] The allegations in the Complaint make clear that the Plaintiff is a resident of California and the moving Defendants are residents of Virginia. Under those circumstances, diversity exists between those Defendants and the Plaintiff. As there is no dispute that the amount in controversy also exceeds $75,000, diversity exists between those parties. The individual Defendants' motion will be denied in this respect.

Another issue exists for the Plaintiff's pleading, however. "[A]ll federal courts . . . have a continuing obligation to satisfy [themselves] that federal jurisdiction over the matter . . . is proper." Filsame v. Ashcroft, 393 F.3d 315, 317 (2d Cir. 2004). That rule exists because "[f]ederal courts . . . are courts of limited jurisdiction. Even where the parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Parties cannot waive jurisdiction, and "before deciding any case" a court must "assure [itself] that the case is properly within [the court's] subject matter jurisdiction." Id.

Plaintiff here admits that he is a limited partner in both of the Defendant limited partnerships. See Complaint at ¶ 4. This admission destroys complete diversity, as

---

[1] Because of the Court's resolution of this matter, the Court offers no opinion on the other basis for the individual Defendants' motion–that Plaintiff fails to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b).

4

Plaintiff is, for jurisdictional purposes, a California resident and so are the Defendant limited partnerships. Courts have explained that when one of the parties is a partnership, "for the purposes of diversity jurisdiction, the court looks to the citizenship of the partners." Woodward v. D.H. Overmyer Co., 428 F.3d 880, 883 (2d Cir. 1970). "[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all of the members,' 'the several persons composing such association,' [and] 'each of its members.'" Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990)(quoting, in turn, Chapman v. Barney, 129 U.S. 677, 682 (1889); Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, (1900); and United Steelworkers of America v. R.H. Bouligny, Inc., 382 U.S. 145, 146 (1965)). Carden involved a limited partnership. Id. at 186; see also, Caren v. Collins, 689 Fed.Appx. 75, 76 (2d Cir. 2017) ("For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners."). Since "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships," diversity jurisdiction is unavailable in this case. Herrick Co. v. SCS Communs., Inc., 251 F.3d 315, 322 (2d Cir. 2001).

Complete diversity does not exist, and the Court will therefore dismiss the case for lack of subject-matter jurisdiction. The Court will dismiss without prejudice to repleading in a different court. If the Plaintiff can make an argument that the limited partnerships are not indispensable parties, the Court would also permit repleading in this Court. See Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 76-78 (2d Cir. 1984) (upholding district court's dismissal of a counterclaim because a party indispensible to that counterclaim destroyed diversity).

**IV. CONCLUSION**

    For the reasons stated above, the Court will **DENY** Defendants Roger L. Altman's and Rosa Altman's motion to dismiss, dkt. # 9.  The Court further concludes that the case lacks complete diversity among the parties and **DISMISSES** the action for lack of subject matter jurisdiction.  The dismissal is without prejudice to re-filing in an appropriate court.  If Plaintiff has a good-faith basis for concluding that Defendants Switch Fund Investment Club, LP, and Golden Eagle Investment Club, LP, are not indispensible parties, Plaintiff may file an Amended Complaint within 21 days of the date of this order.  The Clerk of Court is directed to **CLOSE** this case if Plaintiff fails to file an Amended Complaint within that time.  Defendants' motion to vacate the Clerk's entry of default, dkt. # 19, Plaintiff's motion for entry of default, dkt. # 29, and Plaintiff's motion for sanctions, dkt. # 45, are hereby **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:October 24, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge