**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY M. COHEN,**

                          **Plaintiff,**

      v.                                                      5:19-CV-274
                                                             (TJM/TWD)

**SWITCH FUND INVESTMENT CLUB, LP,**
**GOLDEN EAGLE INVESTMENT CLUB, LP,**
**ROGER L. ALTMAN, and ROSA ALTMAN,**

                          **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

       Defendants Roger and Rosa Altman filed a motion to dismiss this action. See dkt. # 53. They argue that the case lacks full diversity between the parties and the Court thus lacks jurisdiction to hear the case. The Plaintiff has responded and the Court has determined to decide the matter without oral argument.

**I.     BACKGROUND**

       This case concerns investments that Plaintiff Jeffrey M. Cohen allegedly made with partnerships controlled by the Defendants, Roger L. Altman and Rosa Altman. Plaintiff contends that Defendants mishandled these funds and raises breach-of-contract, bad-faith, embezzlement, fraud, and breach-of-fiduciary-duty claims against all Defendants. See Amended Complaint, dkt. # 52. He seeks actual and punitive damages.

1

Plaintiff filed his initial Complaint in this action on February 28, 2019.  See dkt. # 1.  The Complaint asserted jurisdiction pursuant to 28 U.S.C. § 1322(a)(1).  Id. at ¶ 1.  Plaintiff alleged that he "is a natural person and a domiciliary of the State of California, residing in San Diego County."  Id. at ¶ 3.  The Complaint alleged that Defendants Roger and Rosa Altman had operated the investment clubs at the center of this dispute in Alexandria, New York, within the Northern District of New York.  Id. at ¶¶ 7, 10.  According to the Complaint, both Roger L. Altman and Rosa L. Altman, "at a date unknown to the plaintiff but believed to be in the fourth quarter of 2018, relocated to" an address in Williamsburg, Virginia.  Id. at ¶ 13.

Defendants responded to the Complaint by filing a motion to dismiss, as well as other motions.  On October 24, 2019, the Court issued an order dismissing the matter with leave to file an amended compliant.  See dkt. # 51.  The Court concluded that Plaintiff had not pled complete diversity because he alleged he was a partner in the limited partnerships he sued.  That relationship destroyed complete diversity.  Noting, however, that Defendant had pled that Roger and Rose Altman were citizens of different states than he was, the Court granted Plaintiff leave to re-plead the matter if he could argue in good faith that the investment clubs were not indispensable parties.

Plaintiff filed an Amended Complaint.  See dkt. # 52.  Therein, he argues that Defendants Roger L. Altman and Rosa Altman are "natural person[s]" who "at the time of the commencement of this case [were] citizen[s] and domiciliar[ies] of the Commonwealth of Virginia."  Id. at ¶¶ 3-4.  Defendants responded to that Amended Complaint with another motion to dismiss, arguing that they are domiciled in Abu Dhabi, and cannot be sued in this Court.

2

## II. LEGAL STANDARD

Defendants here contend that Plaintiff has not plead diversity and seek dismissal. They proceed pursuant to Federal Rule of Civil Procedure 12(b)(1). "In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 (2d Cir. 2001). "A district court properly dismisses an action under Red. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it[.]'" Cortlandt St. Recovery Corp. v. Hellas Telcomms., 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The Court evaluates a complaint challenged for lack of subject matter jurisdiction using the same standard as one challenged for failure to state a claim upon which relief can be granted under Rule 12(b)(6): "'[t]o survive a motion to dismiss . . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Absolute Activist Value Master Fund Ltd. v. Ficento, 677 F.3d 60, 65 (2d Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1938, 1973 (2009)).

## III. DISCUSSION

The question here is whether Plaintiff has properly invoked the diversity jurisdiction of the Court pursuant to 28 U.S.C. § 1332(a). That statute "confers original jurisdiction on the federal district courts with respect to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.'" Scherer v. Equitable Life Assur. Soc'y of the United States,

347 F.3d 394, 397 (2d Cir. 2003) (quoting 28 U.S.C. § 1332(a)).  At issue here is the citizenship of the parties.  "It is a long-settled rule that in order to invoke diversity jurisdiction, the [plaintiff] must show 'complete diversity'–that is, that it does not share citizenship with any defendant."  Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 445 (2d Cir. 1995).  Moreover, "it is well established that 'the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"  Herrick Co. v. SCS Communs., Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) (quoting Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)).  "It has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'"  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004)(quoting Mollan v. Torrance, 22 U.S. 537 (1824)).

The Court here already decided that diversity existed between the moving Defendants and the Plaintiff, as Plaintiff pled that he was a Californian and Defendants were Virginians.  He also alleged that the amount in controversy exceeded $75,000.  The instant motion to dismiss, however, argues that the Court cannot extend jurisdiction to the Defendants, as they are domiciled in Abu Dhabi.  Defendants relate that Defendant Roger Altman underwent "a disarticulated leg amputation" around eighteen months ago.  "After being released from the hospital" and undergoing "intensive physical therapy for his full leg prosthesis," Roger Altman found that he could not provide his wife much assistance in their daily lives.  His wife "had an almost full time job taking care of him."  The couple have a daughter who resides in Abu Dhabi with her family, and the Defendants found that obtaining "help . . . with house cleaning and food preparation is not difficult and much less expensive" than doing so in the United States.  Defendants represent that "[i]t is unlikely

4

Defendants will return to the US except for short visits to re-unite with family while receiving medical attention" for various illnesses.  The represent that they will need to return to the United States for care and maintenance on Roger Altman's prosthesis, dental work, and follow up dermatological care.   They do not state the date on which they switched their domicile to Abu Dhabi.

"It is well established . . . that 'United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'" Force v. Facebook, Inc., 934 F.3d 53, 74 (2d Cir. 2019) (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990)).   "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)).  "At any given time, a person has but one domicile."  Id.  "[S]ufficient evidence of change" is necessary to establish a new domicile.  Id.

As pled, the Amended Complaint alleges that Defendants' domicile is in Virginia, which would, coupled with the amount in controversy exceeding $75,000, establish diversity jurisdiction.  Defendants challenge the facts alleged in the Amended Complaint, however.  They insist that they are domiciled in Abu Dhabi, and that the Court cannot extend diversity jurisdiction over them.  Plaintiff does not appear to challenge the notion that the Court would lack jurisdiction over the Defendants is there were domiciled in Abu Dhabi at the time he filed the Complaint, but instead argues that the Court had jurisdiction over Defendants at the time he filed the Complaint.

5

As a "general" matter, "the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." Grupo Dataflux, 541 U.S. at 569-60. This "time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing, whenever the challenge to jurisdiction appears." Id. at 570-71. The question therefore becomes whether the Defendants were domiciled in Virginia when Plaintiff filed his initial Complaint.

"A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332, is a mixed question of fact and law." Palazzo, 232 F.3d at 42. "To effect a change of domicile, 'two things are indispensable: First, residence in a new domicil [sic]; and second, the intention to remain there.'" Id. (quoting Linardos, 157 F.3d at 148 (internal quotations and citations omitted). Such questions are "'factual,'" and "[a] party alleging that there has been a change of domicile has the burden of proving the 'required . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality.'" Id. (quoting Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 244 (2d Cir. 1984)). Such proof must be by "clear and convincing evidence." Id. (internal citations omitted). The Court is permitted to resolve these factual questions. Id.

As an initial matter, the Court notes that Defendants did not raise the issue of their alleged status as Abu Dhabi domiciliaries in their motion to dismiss the initial Complaint. See dkt. # 9. They argued that the Court lacked personal jurisdiction, but did not explain their residency. They did not dispute directly Plaintiff's claim that they were domiciled in Virginia. The affidavit of service from that Complaint on Defendant Roger Altman represents that a Sheriff's deputy in Williamsburg-James City County Sheriff's office

6

served Defendant at the Williams/James City Courthouse on March 7, 2019. See dkt. # 8. The document indicated a home address in Virginia for the Defendant. Id. A deputy achieved the same form of service on Defendant Rosa Altman on the same date. See dkt. # 7. Defendants responded with a timely motion to dismiss. See dkt. # 9. Plaintiff also points to documents Defendants mailed to this Court which have return addresses in New York and Virginia.[1]

None of these documents are conclusive as to Defendants' domicile. Recognizing that Defendants proceed *pro se*, and that their filings are to be read with all inferences in their favor, the Court would normally conclude that this factual dispute requires discovery to establish whether the Court has personal jurisdiction over the Defendants. The Defendants have not met their burden of proving by clear and convincing evidence that they had moved to Abu Dhabi before the case commenced. Defendants have submitted no affidavits attesting to where they lived when the action was commenced, but have instead offered conclusory statements in their brief.[2] They have provided no evidence showing where they owned property or had residential leases. They have not indicated the date on which they moved to Abu Dhabi. Under these circumstances a court could order limited discovery to determine whether jurisdiction actually exists. Filush v. Lot

---

[1] The Court has construed Plaintiff's filing, which claims to refute some of Defendants' allegations about service and residence, as a motion for leave to file a sur-reply brief. See dkt. # 56. The Court will grant that motion and consider the documents and arguments therein filed.

[2] Defendants respond to Plaintiff's sur-reply. See dkt.# 57. They argue that they had simply returned to Virginia to visit doctors at the time Plaintiff served them with the Complaint. As evidence of their purpose, they provide a list of doctors and their specialities. Such a list is not clear and convincing evidence of anything, but simply a list of doctors and their specialties.

7

Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990) ("generally a plaintiff may be allowed limited discovery with respect to a jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery."); see also, Lehigh Valley Industries, Inc. v. Birenbaum, 527 F.2d 87, 93 (2d Cir. 1975).

Other evidence, however, permits the Court to dispose of the Defendants' motion. Plaintiff has also provided the Court with a portion of Defendants' December 26, 2018 answer to a Complaint he filed in the Western District of New York. See dkt. # 58-1. Therein, Defendants argued that venue was not proper in Rochester, New York because "Roger and Rosa now live permanently in Williamsburg, VA so that their daughter and physician, Dr. Jennifer Altman, can supervise Roger Altman's medical treatments[.]" Id. After the Plaintiff provided this Court with that document, Defendants responded by providing Judge Michael A. Telesca's decision from the Western District of New York, which dismissed the case for improper venue and refused to transfer the case to this District. See dkt. # 59. Defendants do not deny that they were Virginia residents at the relevant time in their filing, but instead suggest that the Court should find that the Northern District of New York is not a proper venue for this case either.

The Court finds that Defendants have not proved by clear and convincing evidence that their domicile was in Abu Dhabi, not Virginia, at the time this action commenced. The Court will therefore deny Defendants' motion to dismiss on that basis.

The Court recognizes that Defendants now argue that venue is not proper in this District. Defendants point to 28 U.S.C. § 1391(b), which provides the general rules for

venue, and argue that the case should be dismissed.³ Defendants might also argue that venue should be changed pursuant to 28 U.S.C. § 1404(a).⁴ After Defendants offered that argument, the parties filed four letters with the Court disputing the issue, even though Defendants have not filed a motion to dismiss for lack of venue or to transfer venue. See dkt. #s 60-63.

No motion is before Court for dismissal on this basis, and the Court declines to interpret the filings on this matter as a motion. This Court would entertain a motion, but will not permit the parties to file continual letter motions, raising various issues as they occur to the parties.⁵ If Defendants choose to file such a motion, they should follow the

---

³That statute provides that "[a] civil action may be brought in":

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

⁴That statute provides that:

> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

⁵The Court is also troubled by the shifting arguments offered by the Defendants for dismissal, which seem driven more by convenience than by relevant facts. Plaintiff has also acted with little regard to the decisions of courts, filing a case in this Court after a judge in the Western District refused to transfer the matter here for lack of venue. Both

9

procedures outlined in Local Rule 7.1.

## IV.  CONCLUSION

For the reasons stated above, Defendants Roger L. Altman's and Rosa Altman's motion to dismiss, dkt. # 53, is hereby **DENIED**.  Plaintiff's motion for leave to file a sur-reply brief, dkt. # 56, is hereby **GRANTED**.    The Defendants are hereby **DIRECTED** to file any motion they have to dismiss for lack of venue or to transfer venue within fourteen (14) days of the date of this Order.  Any motion filed after that date will not be considered by the Court.  Any motion the Defendants file shall conform to the standards articulated in Local Rule 7.1.  Any response by the Plaintiff to such motion shall also comply with that rule of court.  No filings directed to that motion outside those permitted by Rule 7.1 will be allowed without leave of Court.  The parties are warned that the Court could order them to show cause why it should not impose sanctions for future filings that violate Federal Rule of Civil Procedure 11(b).

**IT IS SO ORDERED.**

---

parties should show more respect for the Court's rules.  See FED. R. CIV. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.").  The Court may impose sanctions for violating Rule 11(b).  See FED. R. CIV. P. 11(c).

_____
Thomas J. McAvoy
Senior, U.S. District Judge

**DATED:** **January 23, 2020**