UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY M. COHEN,

       **Plaintiff,**

 v.                 5:19-CV-274
                        (TJM/TWD)

SWITCH FUND INVESTMENT CLUB, LP,
GOLDEN EAGLE INVESTMENT CLUB, LP,
ROGER L. ALTMAN, and ROSA ALTMAN,

       **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

  Plaintiff seeks default judgment in this matter involving allegations that Defendants embezzled and otherwise misused funds Plaintiff had invested with them. See dkt. # 66.[1] Plaintiff contends that he filed an Amended Complaint and that Defendants did not answer within the time required by court rules and are thus in default. Defendants Roger and Rosa Altman oppose the motion. See dkt. # 69. They have also moved to dismiss the Amended Complaint. See dkt. # 67.

  Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by

---

[1] Plaintiff filed an earlier motion for default judgment. See dkt. # 65. The motion before the Court was filed later and seeks the same relief. The Court will therefor deny the first motion as moot.

1

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The default is entered by the placement of a notation of the party's default on the clerk's record of the case." Dow Chem. Pac. v. Rascator Mar. S.A., 782 F.2d 329, 335 (2d Cir. 1986). "The default notation is an interlocutory action; it is not itself a judgment." Id. "Having obtained a default, a plaintiff must next seek judgment by default under Rule 55(b)." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). These rules establish that "a Clerk's entry of default is a mandatory precondition to seeking a default judgment[.]" Pennington v. Cnty of Monroe, No. 13cv6480, 2015 U.S. Dist. LEXIS 88557, at *3 (W.D.N.Y. July 8, 2015). A review of the docket indicates that Plaintiff has not sought entry of default in this matter and the Clerk has not entered default. Default judgment is therefore unavailable to the Plaintiff, and the Court will deny the motion.

In any case, entry of default would not be proper in this matter. Defendants filed a motion to dismiss in response to Plaintiff's original Complaint. See dkt. # 9. After a great deal of additional litigation, the Court determined that Plaintiff's Complaint failed to plead complete diversity, and dismissed the case with leave to re-plead if Plaintiff could raise a cause of action only against the individual defendants. See dkt. # 51. Plaintiff filed an Amended Complaint, and Defendants filed another motion to dismiss. See dkt. ##s 52, 53. On January 23, 2020, the Court denied Defendants' motion, which had alleged that the Court lacked personal jurisdiction over them. See dkt. # 64. The Court also noted the Defendants appeared to suggest that venue in this District was improper. Id. at 10. The Court directed the Defendants to file any motion "to dismiss for lack of venue or to transfer venue" within fourteen days. Id. The Court resolved not to consider any motion filed after that date. Id.

2

On February 10, 2020, Defendants filed a motion to dismiss the Complaint presently before the Court. See dkt. # 67. That motion does not allege improper venue and does not seek dismissal or transfer on that basis, but instead improper service. Id.

The motion was filed more than fourteen days after the date of the Court's earlier order, to be sure, but that does not establish that Defendants do not intend to participate in this action, or even that they ignored the Court's directive when they filed the instant motion to dismiss. Defendants have made clear to the Court that they seek to participate in this action. They have certainly attempted to do so repeatedly. Courts in this Circuit have "'a strong preference for resolving disputes on the merits.'" Green, 520 F.3d at 104 (quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)). Clearly, both sides seek to litigate this matter and have joined the action. The Court therefore finds that entry of default is not appropriate in this action.

The Court will consider the instant motion to dismiss as if Defendants had accompanied that motion with a motion for leave for an extension of time to answer or otherwise respond to the Amended Complaint. That motion for an extension of time is granted. The Court will therefore address the motion to dismiss, as appropriate.

Defendants first argue that Plaintiff did not properly serve the Amended Complaint on them and that the Complaint must be dismissed. Federal Rule of Civil Procedure 5(a)(1)(D) provides that a party must serve "on every party . . . a written motion[.]" FED. R. CIV. P. 5(a)(1)(D). Under Rule 5, a party may make service by "mailing it to the person's last known address–in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Plaintiff's Amended Complaint contains an affirmation of service that indicates

3

that Plaintiff mailed the Amended Complaint to Defendants on October 29, 2019. See dkt. # 52-1. As further proof that Plaintiff served his Amended Complaint on the Defendants, the Court points to the Defendants' initial motion to dismiss the Amended Complaint and the instant motion. Defendants can hardly complain that they have not been served a Complaint they have tried to dismiss, and the Court will deny the motion in this respect as meritless.[2]

Defendants also argue that the Northern District of New York is not the proper venue for this action. A party may bring a motion to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3). Citing to 28 U.S.C. § 1391(b), Defendants argue that venue is not proper in this District. Under the venue statute, a party may bring a civil case in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3). When a defendant moves to dismiss for improper venue, the Court may rely on the pleadings and affidavits, or may hold an evidentiary hearing. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). If the Court relies on pleadings

---

[2]Defendants are reminded that a party, represented or not, that files a paper in this Court "certifies that" the paper is offered for a proper purpose, and not to "harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the arguments are offered on a good faith basis. FED. R. CIV. P. 11(b). The Court may impose sanctions on a party who makes an argument for which no good-faith basis exists. See FED. R. CIV. P. 11(c). The Court does not find that situation applies here, but warns Defendants of that requirement nonetheless.

4

and affidavits, the Plaintiff must make "'a *prima facie* showing of [venue].'" Id. (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)). At an evidentiary hearing, Plaintiff must demonstrate that venue is proper by "'a preponderance of the evidence.'" Id. (quoting CutCo, 806 F.2d at 364-65).

The Court concludes that there is a question about whether venue is proper in this District. Since the Plaintiff has not briefed this issue, the Court will direct the Plaintiff to respond to the Defendants' venue motion and then permit Defendants to reply. The Court notes that, should Plaintiff rely on a claim that a "substantial" part of the acts giving rise to the action took place in this district, "district courts [should] take seriously the adjective 'substantial.'" Id. at 357. "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Id. (emphases in original).

For the reasons stated above:

1. The Plaintiff's motion for default judgment, dkt. # 65, is hereby DENIED AS MOOT

2. The Plaintiff's amended motion for default judgment, dkt. # 66, is hereby DENIED;

3. Judgment on the Defendants' motion to dismiss, dkt. #67, is hereby RESERVED; and

4. Plaintiff shall file a response to Defendants' motion to dismiss for improper venue within 21 days of the date of this Order. Defendants shall file a reply to Plaintiff's response within 14 days of the date Plaintiff files his response. The Court will consider the motion on the filings, with no need for oral

argument.

**IT IS SO ORDERED**

**DATED**: March 30, 2020

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge