UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY M. COHEN,

                              Plaintiff,

      v.                                                                5:19-CV-274
                                                                                    (TJM/TWD)

SWITCH FUND INVESTMENT CLUB, LP,
GOLDEN EAGLE INVESTMENT CLUB, LP,
ROGER L. ALTMAN, and ROSA ALTMAN,

                              Defendants.
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

Defendants move to dismiss the Complaint, arguing that the Northern District of New York is not the proper venue for this action.[1] See dkt. # 67. A party may bring a motion to dismiss for "improper venue." Fed. R. Civ. P. 12(b)(3). Citing to 28 U.S.C. § 1391(b), Defendants argue that venue is not proper in this District. Under the venue statute, a party may bring a civil case in:

---

[1] Defendants do not offer any argument, but they also suggest that the Amended Complaint should be dismissed for lack of diversity jurisdiction. The Amended Complaint alleges that Defendants are Virginia citizens and residents and Plaintiff is a California citizen and resident. Amended Complaint, dkt. # 52, at ¶¶ 3-5. The Amended Complaint also alleges that the amount in controversy is $75,000 or more. Id. at ¶ 6. Those allegations satisfy the requirements for diversity jurisdiction. See 28 U.S.C. ¶ 1332(a). To the extent that Defendants move to dismiss for lack of diversity jurisdiction, that motion is denied.

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3).  When a defendant moves to dismiss for improper venue, the Court may rely on the pleadings and affidavits, or may hold an evidentiary hearing.  Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005).  If the Court relies on pleadings and affidavits, the Plaintiff must make "'a *prima facie* showing of [venue].'" Id. (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364-65 (2d Cir. 1986)).  If a plaintiff relies on a claim that a "substantial" part of the acts giving rise to the action took place in this district, "district courts [should] take seriously the adjective 'substantial.'" Id. at 357.  "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." Id. (emphases in original).

Plaintiff has answered Defendants' motion and provided documents to support his venue claims.  See dkt. # 71.  Plaintiff provides an affidavit that attests that: "at all times material" to the action, he "transacted business with the defendants" at an address in Watertown, New York, which is in the Northern District of New York.  See dkt. # 71 at ¶ 3. Defendants mailed to Plaintiff a series of cashiers checks related to this action from an address in the Northern District of New York.  Id. at ¶¶ 5-9.  They also sent him a series of bank checks from the Watertown (New York) Savings Bank in the Northern District of New

2

York. Id. at ¶ 10. Plaintiff further alleges that Defendants embezzled more than $164,000 from him while transacting business from their home in the Northern District of New York. Id. at ¶ 12. When the parties exchanged emails between 2012 and 2018, Plaintiff asserts, Defendant Roger L. Altman did so from an IP address located in the Northern District of New York. Id. at ¶ 13. Plaintiff also alleges that, as part of an attempt to resolve their dispute with him, Defendants offered to pledge a home they owned in the Northern District of New York as collateral. Id. at ¶¶ 15-16. Plaintiff includes as exhibits to his affidavit copies of the checks in question as well as an appraisal of the property allegedly proposed as collateral. See Exhs A-C to Plaintiff's affidavit, dkt. #s 71-1, 71-2, 71-3.

The Court finds that the Plaintiff has met his *prima facie* burden to demonstrate to the Court that a substantial portion of the events giving rise to this litigation occurred in the Northern District of New York. This case concerns Plaintiff's allegations that Defendants misrepresented themselves as investment professionals and embezzled funds from the Plaintiff. He also alleges that they provided him with phony "returns" on his investment by sending him checks from banks in the Northern District of New York. The Defendants' alleged use of those banks establishes that a significant portion of the events giving rise to this litigation occurred in the Northern District of New York. Defendants have not responded to dispute this evidence, and the Court will find that Plaintiff has met his burden to demonstrate the propriety of venue in this district.

As such, Defendants' motion to dismiss for lack of venue, dkt. # 67, is hereby DENIED.

**IT IS SO ORDERED**

**DATED:May 15, 2020**

_____
Thomas J. McAvoy
Senior, U.S. District Judge